1            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF LOUISIANA
2

3
  ******************************************************************
4 UNITED STATES OF AMERICA          CRIMINAL NO. 16-32
                                    SECTION "M"
5 VERSUS                            OCTOBER 13, 2022

6 RONALD WILSON, JR.
  ******************************************************************
7

8            TRANSCRIPT OF SENTENCING HEARING
       HEARD BEFORE THE HONORABLE BARRY W. ASHE
9            UNITED STATES DISTRICT JUDGE

10

11 APPEARANCES:

12 FOR THE UNITED STATES:         David E. Haller, Esq.
                                 Elizabeth A. Privitera, Esq.
13                               U.S. ATTORNEY'S OFFICE
                                 650 Poydras Street
14                               Suite 1600
                                 New Orleans, LA   70130
15

16
   FOR RONALD WILSON, JR.:       Anna L. Friedberg, Esq.
17                               3110 Canal Street
                                 New Orleans, LA 70119
18

19                               Jessica L. Mullaly, Esq.
                                 MULLALY & ASSOCIATES
20                               7925 Nelson Street
                                 New Orleans, LA 70125
21

22 Official Court Reporter:       Alexis A. Vice, RPR, CRR
                                 500 Poydras Street, HB-275
23                               New Orleans, LA   70130
                                 (504) 589-7777
24

25 *PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY  TRANSCRIPT
   PRODUCED BY COMPUTER.*


                   OFFICIAL TRANSCRIPT

1            **P-R-O-C-E-E-D-I-N-G-S**

2            **(OCTOBER 13, 2022)**

3            **(SENTENCING HEARING)**

4

5            **THE COURT:** Let's call the next case, please.

6            **DEPUTY CLERK:** Criminal Action 16-32, *United States of*

7    *America versus Ronald Wilson, Junior.*

8            **MS. PRIVITERA:** Liz Privitera on behalf of the United

9    States.

10           **MS. MULLALY:** Jessica Mullaly on behalf of Ronald

11    Wilson.

12           **MS. FRIEDBERG:** And Anna Friedberg on behalf of Ronald

13    Wilson.

14           **THE COURT:** All right, thank you.  This matter is

15    before the Court for sentencing.  The defendant has been

16    convicted of counts 1, 2, 3, 4, 6, and 7 of the superseding

17    indictment which charges him with:

18           Count 1, conspiracy to murder for hire in violation

19    of 18 U.S.C. Section 1958;

20           Count 2, murder for hire in violation of 18 U.S.C.

21    Section 1958;

22           Count 3, conspiracy to tamper with a witness in

23    violation of 18 U.S.C. Section 1512(a)(3)(A) and 1512(k);

24           Count 4, tampering with a witness to prevent

25    testimony in violation of 18 U.S.C. Sections 1512(a)(1)(C) and

OFFICIAL TRANSCRIPT

1    1512(a)(3)(A);

2            Count 6, conspiracy to retaliate against a witness in

3    violation of 18 U.S.C. Sections 1513(a)(2)(A) and 1513(f);

4            And count 7, retaliating against a witness in

5    violation of 18 U.S.C. Sections 1513(a)(1)(B) and

6    1513(a)(2)(A).

7            Is there any reason why sentence should not be

8    imposed at this time?

9            **MS. PRIVITERA:** None by the Government.

10           **MS. MULLALY:** None by us, Your Honor.

11           **THE COURT:** All right.  Has the defendant received a

12   copy of the presentence investigation report prepared on

13   September 8th, 2022 and the addendum resulting in a revised

14   report on October 6th, 2022?

15           **MS. MULLALY:** Yes, Your Honor.

16           **THE COURT:** Mr. Wilson, have you now had an

17   opportunity to read the report and the addendum or have it read

18   to you?

19           **THE DEFENDANT:** Yes.

20           **THE COURT:** The Court understood before this morning

21   that neither the defendant, nor the Government had raised any

22   objections to the presentence investigation report.  However,

23   the Court is aware that Mr. Wilson has filed a motion to extend

24   the period within which to file objections to the PSR, to deem

25   the same timely, and has stated objections to the PSR.

OFFICIAL TRANSCRIPT

1         The Court allowed that motion to be filed under seal

2  and indicated that it would consider the objections that were

3  noted in the motion at paragraph 7 which include the following,

4  and then allow the Government and probation, if they so desire,

5  to -- where is probation?  Okay, to respond if you want to

6  orally.

7         **MS. MULLALY:** Thank you, Your Honor.

8         **THE COURT:** Okay.  So the objections that are noted in

9  paragraph 7 of the motion include objections to the section of

10  the PSR dealing with charges and convictions, paragraphs 3

11  through 6, 8 through 9, and 14, and the objection there is as

12  to any findings of guilt.

13         Do you want to elaborate on that objection and then

14  allow the Government to respond?

15         **MS. MULLALY:** No, Your Honor.

16         **THE COURT:** Okay.  Does the Government wish to

17  respond?

18         **MS. PRIVITERA:** No, Your Honor.  The trial speaks for

19  itself.

20         **THE COURT:** Yeah, as with the objections related to

21  others of the defendants, I understand that this is an

22  objection to the findings of guilt.  The Court sat through the

23  trial, appreciates the evidence that was adduced at the trial,

24  and the jury made a determination in rendering its verdict of

25  guilty.  And so while the objections are noted, they're

OFFICIAL TRANSCRIPT

1   overruled by the Court.

2         Secondly, the objection is made to the section of the

3   PSR on offense conduct, paragraphs 15, 23 through 27, 29, 36

4   and 37, 47 and 48, and 50, objections to the statements

5   contained in these paragraphs as factual or as facts proven.

6   Do you want to elaborate on that?

7         **MS. MULLALY:** No, Your Honor.

8         **THE COURT:** Do you want to respond?

9         **MS. PRIVITERA:** No, Your Honor.  The offense conduct

10   is accurately reflected in the presentence investigation report

11   supported by the trial record.

12         **THE COURT:** Okay.  I didn't ask you whether probation

13   wants to responds or make a statement.

14         **PROBATION OFFICER:** Shalita Morgan, U.S. Probation.

15   No, we have nothing, Your Honor.

16         **THE COURT:** Thank you.  As is usual, the factual

17   statements in the presentence investigation report have an

18   indicia of reliability as something that the Court can rely on

19   with respect to sentencing and that the Court is to consider

20   those statements as findings, absent a countervailing

21   presentation of evidence that undermines the factual

22   statements.  So the Court takes into account the facts in the

23   paragraphs to which Mr. Wilson has lodged an objection and

24   overrules those objections to those paragraphs.

25         The section of the PSR on role assessment is objected

1   to.  That's paragraphs 54 and 57.  The objection is to the

2   statements contained in the paragraph as factual or as facts

3   proven at trial.  I think this is dealt with in the same way I

4   just dealt with the other objections.

5        Do you want to elaborate on those?

6        **MS. MULLALY:** No, Your Honor.

7        **MS. PRIVITERA:** Nothing by the Government.

8        **THE COURT:** For the same reasons then, the objections

9   to paragraphs 54 and 57 are overruled by the Court.

10       Lastly, there's an objection to paragraph 128 that

11  deals with factors that may warrant a departure.  The objection

12  is to a failure to give consideration to the factors set forth

13  in 18 U.S.C. Section 3553(a).

14       Do you want to elaborate on that?

15       **MS. MULLALY:** No, Your Honor.

16       **THE COURT:** Do you want to respond?

17       **MS. PRIVITERA:** No, Your Honor.  If I can just point

18  out for record purposes that the defendant did file a

19  sentencing memorandum before this Court which does address

20  several of those factors.

21       **THE COURT:** It does, and I'm going to deal with the

22  sentencing memorandum in conjunction with further statements

23  with respect to sentencing.

24       As I believe all counsel know, statements regarding a

25  variance or departure in a presentence investigation report are

OFFICIAL TRANSCRIPT

1  only recommendations anyway by the probation office and that

2  the Court does, indeed, consider all of the factors in 18

3  U.S.C. Section 3553(a) independently of whatever may be said by

4  probation in those paragraphs, and it has done so in connection

5  with Mr. Wilson's case.

6          Are there any other objections that you wish to make

7  at this time?

8          **MS. MULLALY:** No, Your Honor.

9          **THE COURT:** Okay.  So I'm going to do this for the

10 record.  Having overruled the objections that were stated in

11 paragraph 7 of Mr. Wilson's motion, are there any other

12 corrections, additions, alterations, or objections to the

13 report that need to be made by either counsel?

14         **MS. PRIVITERA:** None by the Government.

15         **MS. FRIEDBERG:** None by Mr. Wilson.

16         **THE COURT:** Having overruled the objections then, the

17 Court adopts the factual statements in the presentence

18 investigation report as its findings of fact.

19         Taking into account the United States Sentencing

20 Guidelines, the Court finds that the applicable sentencing

21 guideline ranges in this case are as follows:

22         The total offense level is 43.  The criminal history

23 category is VI, indicating a guideline range for imprisonment

24 of life; for supervised release, of between two and five years;

25 of fine plus costs of confinement and supervision between

OFFICIAL TRANSCRIPT

1    $50,000 and $500,000; and a special assessment of $600.

2            Counsel, have I reviewed those guideline ranges

3    correctly?

4            **MS. PRIVITERA:** Yes, Your Honor.

5            **MS. MULLALY:** Yes, Your Honor.

6            **THE COURT:** Okay.  The defendant has filed a

7    sentencing memorandum that arguably contains a motion for

8    downward variance, arguing that life sentences are coming under

9    scrutiny, both nationally and internationally, and that a term

10   of imprisonment of any number of months less than life as

11   opposed to a life sentence would comport with the goals of 28

12   U.S.C. Section 3553.

13           I didn't see a written response by the Government.

14   Did the Government file a written response?

15           **MS. PRIVITERA:** I don't believe so, Your Honor, no.

16           **THE COURT:** Would you like to respond to this argument

17   at this time?

18           **MS. PRIVITERA:** Well, these are statutory mandatory

19   life sentences, Your Honor.  There is no upward or downward

20   variance from these life sentences; so they must be imposed

21   upon him.

22           **THE COURT:** Yeah, the Court agrees.  The motion is

23   denied to the extent that I'm construing the sentencing

24   memorandum as a motion.

25           The statutes under which Mr. Wilson was convicted

OFFICIAL TRANSCRIPT

1  carry mandatory life sentences; therefore, the Court may not

2  vary the sentence.  Regardless, the defendant, as demonstrated

3  by the evidence that was adduced at trial and by the jury's

4  verdicts of guilty, was found to play a role in the murder for

5  hire plot.  And the Court finds that a life sentence is

6  appropriate.

7        Mr. Wilson, it's at this point in time that I call

8  upon you to ask whether you have anything to say or offer in

9  mitigation of punishment before sentence is imposed.

10        **THE DEFENDANT:** No, sir.

11        **THE COURT:** All right.  Do you have anything to say,

12  Counsel?

13        **MS. MULLALY:** Your Honor, just that the witness

14  statements, be them true or not, did reflect that Mr. Wilson

15  had a minimal role in this offense.  That the convictions that

16  make him a career offender were over 20 years old.  That he has

17  maintained a life since those convictions filled with family

18  and strong bonds with his family.  He has family members here

19  today in support.

20        Once sentenced, he does request that he be placed in

21  a facility as close to New Orleans as possible so that he can

22  maintain those bonds with his young children, or you know, his

23  children and family.

24        **THE COURT:** Yes, understood.  All right, thank you.

25        And does the Government have anything it wishes to

OFFICIAL TRANSCRIPT

1   present or say at this time?

2          **MS. PRIVITERA:** The family members do not choose to

3   speak at this time, Your Honor.

4          **THE COURT:** The Court notes that similar statements

5   could be made in connection with this defendant as well.

6          **MS. PRIVITERA:** Thank you, Your Honor.  Just a little

7   bit based upon what Ms. Mullaly said on behalf of Mr. Wilson,

8   he, indeed, did participate actively in this conspiracy.  He

9   helped facilitate the relationships between Age, Junior and

10  Age, III directly to Stanton Guillory and made sure that

11  Mr. Womack was killed.  So he too, as the rest of these

12  defendants, has earned his life sentences that you are about to

13  impose upon him.

14         **THE COURT:** Thank you.  With that, the Court is ready

15  to pronounce sentence.

16         Pursuant to the Sentencing Reform Act of 1984 and

17  considering the provisions of 18 U.S.C. Section 3553 and taking

18  into account the advisory United States Sentencing Guidelines

19  that are applicable to Mr. Wilson, it's the judgment of this

20  Court that the defendant, Ronald Wilson, Junior, is hereby

21  committed to the custody of the Bureau of Prisons to be

22  imprisoned for a term of life as to each of counts 1, 2, 3, 4,

23  6, and 7, to be served concurrently.

24         Upon release from imprisonment, the defendant shall

25  be placed on supervised release for a term of five years as to

OFFICIAL TRANSCRIPT

1  each of counts 1, 2, 3, 4, 6, and 7, to run concurrently.

2         Within 72 hours of release from the custody of the

3  Bureau of Prisons, the defendant shall report in person to the

4  United States Probation Office in the district to which he is

5  released.

6         While on supervised release, the defendant shall not

7  commit any federal, state, or local crimes and shall be

8  prohibited from possessing a firearm, ammunition, destructive

9  device, or other dangerous weapon.  The defendant shall not

10 possess a controlled substance, shall cooperate in the

11 collection of a DNA sample, and he shall comply with all other

12 mandatory and standard conditions of supervised release

13 required by 18 U.S.C. Section 3583 and Section 5D1.3 of the

14 sentencing guidelines, including, the following special

15 condition:

16        The cognitive programming condition.  To assist the

17 defendant with developing better decision-making skills, the

18 defendant shall participate in an approved cognitive behavioral

19 therapeutic treatment program and abide by all supplemental

20 conditions of treatment.  The defendant shall contribute to the

21 cost of this program to the extent that the defendant is deemed

22 capable by the United States Probation Officer.

23        The general search condition.  Due to the defendant's

24 prior criminal history and the nature of the offense, the

25 defendant shall submit his person, residence, office, or

OFFICIAL TRANSCRIPT

1    vehicle to a search conducted by the United States Probation

2    Officer at a reasonable time in a reasonable manner based upon

3    reasonable suspicion that contraband or evidence of a violation

4    of supervised release may exist.  Failure to submit to a search

5    may be grounds for revocation.

6          The defendant shall warn any other residents of the

7    premises that the premises may be subject to searches pursuant

8    to this condition.

9          Failure to comply with any of the mandatory standard

10   or special conditions of supervised release, including, the

11   requirement to pay the special assessment, may result in

12   revocation of supervised release and additional imprisonment.

13         The presentence investigation report indicates that

14   there are victims who may be entitled to restitution.  Because

15   the victims' losses are not yet ascertained, it's ordered in

16   accordance with 18 U.S.C. Section 3664(d)(5) that the Court

17   will not presently impose a specific restitution obligation,

18   but will instead set a date for final determination of the

19   victims' losses, not to exceed 90 days after sentencing.

20         Accordingly, to allow additional time for final

21   determination of the losses, the defendant's restitution

22   obligation shall be determined on Thursday, January 5, 2023 at

23   1:30 p.m.

24         It's the finding of this Court that the defendant is

25   not able to pay a fine.  Accordingly, no fine shall be imposed.

OFFICIAL TRANSCRIPT

1       It's further ordered that the defendant shall pay to

2  the United States the mandatory special assessment of $600

3  which shall be due immediately.

4       Finally, forfeiture of the defendant's right, title,

5  and interest in certain property may be ordered, if applicable,

6  consistent with the superseding indictment.

7       In imposing this sentence, the Court has carefully

8  considered, pursuant to 18 U.S.C. Section 3553(a)(4), the

9  sentencing range under the United States Sentencing Guidelines

10  that are applicable to your case, Mr. Wilson, as well as the

11  other statutory concerns found in Section 3553(a), the

12  penalties authorized by statute, the information set forth in

13  the presentence investigation report, and the statements that

14  were made in court today by victims, by your counsel, and by

15  the Government.

16       The difference between the maximum and minimum of the

17  guideline range exceeds 24 months.  The Court finds that the

18  sentence imposed, which is the statutory mandatory sentence,

19  reflects the nature and circumstances of the offense, the

20  seriousness of the offense, and all other relevant facts and

21  circumstances.

22       At this time, the Court advises you that you have the

23  right to appeal your conviction, and you have the right to

24  appeal your sentence under certain circumstances.

25       With few exceptions, any notice of appeal must be

OFFICIAL TRANSCRIPT

1   filed within 14 days of judgment being entered in your case.

2          If you're unable to afford the services of an
3   attorney to handle your appeal, counsel will be appointed for
4   you.

5          If you cannot afford it, a transcript of the record
6   of this case will be prepared at the Government's expense.

7          Do you understand these rights?

8          **THE DEFENDANT:** Yes.

9          **THE COURT:** Does the Government have any motions with
10  respect to Mr. Wilson?

11         **MS. PRIVITERA:** No, sir.

12         **THE COURT:** And it's at this point that I make
13  recommendations to the Bureau of Prisons.  Do you have any
14  recommendations that you would like me to make?

15         **MS. MULLALY:** Again, that he be as close to New
16  Orleans as possible.

17         **THE COURT:** Okay.  The Court recommends to the Bureau
18  of Prisons that, if possible, the defendant be placed at a
19  facility as near as possible to New Orleans.  Anything else?

20         **MS. PRIVITERA:** Nothing by the Government.

21         **MS. FRIEDBERG:** No, Your Honor.

22         **THE COURT:** All right, that concludes this matter.

23         Pursuant to 18 U.S.C. Section 3143, it's further
24  ordered that the defendant be remanded to the custody of the
25  United States Marshal.

OFFICIAL TRANSCRIPT

1        **MS. PRIVITERA:** Thank you, Judge.

2        **THE COURT:** Thank you.

3            (Whereupon this concludes the proceedings.)

4

5

6                        **CERTIFICATE**

7

8

9     I, Alexis A. Vice, RPR, CRR, Official Court Reporter for

10  the United States District Court, Eastern District of

11  Louisiana, do hereby certify that the foregoing is a true and

12  correct transcript, to the best of my ability and

13  understanding, from the record of the proceedings in the

14  above-entitled and numbered matter.

15

16                        */s/Alexis A. Vice, RPR, CRR*
                         Alexis A. Vice, RPR, CRR
17                        Official Court Reporter

18

19

20

21

22

23

24

25

OFFICIAL TRANSCRIPT